IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


GINA MOREAU                                                          PLAINTIFF


        v.                        CIVIL NO. 5:17-CV-5214


NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Gina Moreau, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 5, 2014,

alleging an inability to work since September 11, 2013, due to stomach pain following eight

major abdominal surgeries, three cadaver implants for abdominal muscles, bipolar disorder,

severe depression, Hashimoto's thyroiditis, memory problems, ovarian cyst, vision problems,

nerve pain in hands and legs, menopause/hormone imbalances, panic attacks, post-traumatic

stress disorder (PTSD), and attention deficit disorder (ADD). (Tr. 102-103, 119-120). For

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 102, 119). An administrative video hearing was held on October 19, 2015, at which Plaintiff and a vocational expert testified. (Tr. 67-89, 94-100). Sharon Ann Bailey, Plaintiff's mother, was also present and testified. (Tr. 89-94)

By written decision dated July 27, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of thyroid disorder, residual effects of abdominal surgeries, affective disorder, attention deficit hyperactivity disorder (ADHD), borderline personality disorder, and anxiety. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except for the following: Plaintiff could occasionally climb, balance, crawl, kneel, stoop and crouch; she could frequently finger and handle; she was able to do simple, routine and repetitive tasks in a setting where interpersonal contact was incidental to the work performed; and she could respond to supervision that was simple, direct and concrete. (Tr. 17-24). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work, there were jobs that existed in significant numbers in the economy that Plaintiff could perform, such as a small product assembler, a document preparer, and a vehicle escort driver. (Tr. 25). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from September 11, 2013, through the date of the decision. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence submitted by the Plaintiff, denied that request on September 1, 2017.[2] (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 12). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds

---

[2] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 5th day of March, 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE